UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ernest E. Pickett, # 256410, | ) | C/A No. 4:14-1193-RMG-TER |
| a/k/a Ernest Eugens Pickett, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Jeanette W. McBride, Clerk of Court, Richland | ) | |
| County, | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed pro se by a state prisoner. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Ernest Eugene Pickett ("Plaintiff") is currently an inmate at the Manning Correctional Institution. In his complaint, Plaintiff contends that his due process rights have been violated in connection with the handling of a "habeas petition" that he filed in Richland County Court. Plaintiff indicates that he filed his petition in May of 2013, but that the Richland County Clerk of Court would not send him a filed copy. He alleges that only after he wrote the South Carolina Supreme Court did he receive a filed copy of his petition. He alleges that the Attorney General did not file a response to his petition, and that accordingly, he filed a motion for default, which was granted. However, Plaintiff indicates that at a default judgment hearing, default judgment was denied by the

1

court based on the State's assertion that it never received a copy of the petition. According to Plaintiff, the court gave the State twenty days to respond. Plaintiff indicates that approximately four months later, on April 3, 2014, another default judgment hearing was scheduled, at which the State argued that Plaintiff's petition should be dismissed. In his complaint, Plaintiff asserts that he has yet to receive an order from this hearing. Plaintiff indicates that:

> the respondent is in default, and that the court and respondent [are] not trying to resolve this matter, Plaintiff is entitled to this release and it is the responsibility of the court to resolve this matter, therefore the court is in violation.

Thereafter, Plaintiff submitted additional correspondence to the Court on June 25, 2014 in which he indicates an Order was issued in his state case on June 13, 2014, and that he has requested a copy of the same. In his most recent correspondence Plaintiff indicates that he is "asking this Court to Please help me out so I can get the judgment I am entitle to." The only defendant listed by Plaintiff is Richland County Clerk of Court Jeanette W. McBride. However, Defendant also makes reference in his initial pleading to Judge Alison R. Lee.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

2

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Although Plaintiff has filed this case under 42 U.S.C. § 1983, the form of relief which he requests requires the court to construe it as being in the nature of mandamus action because he asks this court to order that certain action be taken in his pending case. *See Black's Law Dictionary* (9th ed. 2009) (mandamus: "A writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usually to correct a prior action or failure to act."). Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States. Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus

3

actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986)(unpublished opinion)(same).

In *Gurley*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley*, 411 F.2d at 587. Since the defendant in this case is a state official, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against the defendant.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). In *Davis v. Lansing*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See Craigo*, 624 F. Supp. at 414; *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479

(W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990).

It is therefore recommended that the district court dismiss the complaint *without prejudice* and without issuance and service of process because this court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); Fed. R. Civ. P.  41(b)(dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits).[1]

------------------------

[1]Additionally, the court notes that Richland County Clerk of Court Jeanette McBride would be subject to summary dismissal.  County clerks of court, though elected by the voters of a county, are also part of the State of South Carolina's unified judicial system.  *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); § 14-17-10, South Carolina Code of Laws (as amended).  In the above-captioned case, Defendant McBride, the Clerk of Court for Richland  County has quasi-judicial immunity because it appears that she was at all times following rules of a court, or was acting pursuant to authority delegated by a court to clerk's office personnel.  *See Cook v. Smith*, 812 F. Supp. 561, 562(E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In addition to immunity from monetary damages, defendant McBride is also protected by quasi-judicial immunity to the extent that Plaintiff's claims injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief has been satisfied, any claim for injunctive relief against defendant McBride is also subject to summary dismissal. *See generally*, *Robinson v. South Carolina,* 2013 WL 4505419 (2013).

Finally, although Judge Alison R. Lee is not listed by Plaintiff as a Defendant in the caption of his pleading, he does make specific allegations against her in portions of his complaint. However, to the extent that he does intend to list her as a defendant in his case, she would be subject to summary dismissal. To the extent that Plaintiff seeks damages from Judge Lee, his suit is barred by the doctrine of judicial immunity.

Furthermore, to the extent that Plaintiff's Complaint could be liberally construed as seeking injunctive relief against Judge Lee, such claim is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in

## **RECOMMENDATION**

Accordingly, it is recommended that the district court dismiss the complaint in this case *without prejudice. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 30, 2014
Florence, South Carolina

---

any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Since there is no declaratory decree involved and no request for or basis shown for entry of a declaratory judgment in this case, any claim for injunctive relief against this judicial officer is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).