**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Ernest E. Pickett, a/k/a Ernest Eugens Pickett,<br><br>Plaintiff,<br><br>vs.<br><br>Jeannette W. McBride, Clerk of Court, Richland County,<br><br>Defendant. | ) | No. 4:14-cv-01193-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 17), recommending that the Court dismiss this action without prejudice for lack of jurisdiction. Plaintiff did not file objections to the R & R. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE.**

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). Here, however, because no objections were made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed.

R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## II. Discussion

The Court has carefully reviewed the Complaint and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Plaintiff essentially seeks a writ of mandamus compelling the Clerk of the Richland County Court to enter default judgment in a state court case. (*See* Dkt. No. 1). However, this Court lacks jurisdiction to enter a writ against a state court employee. *See, e.g., Gurley v. Sup. Ct. of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969) (holding District Court was without jurisdiction to issue a writ to state court). Thus, the action must be dismissed for lack of jurisdiction.

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and

Recommendation (Dkt. No. 17) as the order of this Court. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

July 22, 2014
Charleston, South Carolina